UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SPSL OPOBO LIBERIA, INC. AND VERMILLION BAY NEVIS, INC.** | **CIVIL ACTION** |
| | **NO. 07-3355** |
| **VERSUS** | |
| | **SECTION B(3)** |
| **MARITIME WORLDWIDE SERVICES, INC. AND ALAN L. MOORE** | |

ORDER AND REASONS

Before the Court is Defendants Maritime Worldwide Services, Inc. And Alan L. Moore's Motion to Dismiss.  (Rec. Doc. No. 12). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendants' Motion to Dismiss is **DENIED**.

*BACKGROUND*

Plaintiff SPSL OPOBO Liberia, Inc. alleges that it is the rightful owner of the barge SPSL OPOBO.  Additionally, Plaintiff VERMILLION BAY, Nevis, Inc. alleges that it is the rightful owner of the barge VERMILLION BAY.  Plaintiffs contend that in 2002 they allowed both the SPSL OPOBO and the VERMILLION BAY to come under the care, custody, and control of Defendant Alan L. Moore ["Moore"] for the purpose of refurbishing and repairing the barges.  At the time, Moore was an employee of KYE, Inc.  Once repaired, the parties agreed that Moore would return the barges to the Plaintiffs.

Plaintiffs allege that while they have demanded that Moore

1

return the barges, he has refused to do so.  Instead, Moore as well as Marine Worldwide Services, Inc. ["Marine"] have exercised the right of ownership over the barges.  As a result, Plaintiffs filed suit against Moore and Marine for damages for loss of use, loss of income, as well as other damages.  Defendants have filed this Motion to Dismiss.

Defendants argue that the contract at issue here is a bailment contract involving the failure of the bailee to return property to the bailor.  Defendants argue that this Court lacks jurisdiction over such a claim.  Additionally, Defendants argue that Plaintiffs have failed to allege facts sufficient to state a claim against Defendant Moore.

Plaintiffs allege that the contract at issue is a contract for the repair of the barges, which properly confers admiralty jurisdiction on this Court.  Plaintiffs contend also that the facts alleged in their Complaint, namely that Defendants refused to return the barges and have wrongfully exercised the right of ownership over the barges, are sufficient to state a claim against Defendant Moore.

### *DISCUSSION*

**I.   Motion to Dismiss Standard**

Defendants move to dismiss Plaintiffs' suit for lack of subject matter jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(1).  The Court dismisses a case under Rule 12(b)(1) for lack of subject

2

matter jurisdiction if it lacks that statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule 12(b)(6) motion. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Thus, the Court cannot dismiss the complaint unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitle him to relief. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007). Additionally, the Court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *United Steel Workers AFL-CIO v. Murphy Oil USA, Inc.*, 2007 WL 4365393, *1 (E.D. La. 2007).

**II.  Subject Matter Jurisdiction**

Plaintiffs allege that this Court's jurisdiction is proper pursuant to 28 U.S.C. § 1333 which grants to federal district courts exclusive jurisdiction over admiralty and maritime cases. In support of admiralty jurisdiction, Plaintiffs allege the following:

> Commencing in 2002, [Plaintiffs] allowed the SPSL OPOBO and the VERMILLION BAY to come under the care, custody and control of defendant Alan L. Moore, who was then an

>     employee of KYE, Inc. for the purposes of the
>     refurbishment, repair and renewal of the
>     barges, at an agreed upon price, with the
>     understanding that upon completion of the
>     refurbishment, repair and renewal, the barges
>     would be returned to [Plaintiffs].

Plaintiffs do not directly state in their Complaint that the parties actually entered into a contract. The above allegations, however, spell out the specific terms of the agreed-upon arrangement, specifically that Defendant Moore would take possession of the barges for the purpose of repair and would then return the barges when complete. The allegations also state that the parties agreed upon a price for these services. Thus, although the Complaint does not specifically mention a contract, the allegations indicate that the essential elements of a contract existed. Furthermore, in addressing Defendants' motion, although the parties disagree as to the nature of the arrangement, they both acknowledge that a contract existed between the parties. Thus, the Court determines, at least from the facts alleged, that a contractual relationship existed between the parties. The Court will now determine whether the contract confers maritime jurisdiction upon this court.

In order for a federal court to invoke maritime jurisdiction over a contract dispute, the contract must be a maritime contract. A maritime contract is one which relates to a ship in its use as such, to commerce or navigation on navigable waters, to transportation by sea, or to maritime employment. *See Thurmond v.*

*Delta Well Surveyors*, 836 F.2d 952, 954 (5th Cir. 1988). The Fifth Circuit has held that contracts for vessel repair fall under admiralty jurisdiction. *See, e.g. Todd Shipyards Corp. v. Turbine Serv. Inc.*, 674 F.2d 401, 412 (5th Cir. 1982); *Ham Marine Inc. v. Dresser Industries, Inc.*, 72 F.3d 454, 459 (5th Cir. 1995). Defendants do not dispute that a contract for vessel repair falls within admiralty jurisdiction. Defendants argue, however, that the contract at issue here is not a contract for repair but instead a bailment contract. Defendants contend that Plaintiffs' claims do not pertain to repairs to the barges but instead to the failure of the Defendant bailee to return property to the Plaintiff bailor. Defendants contend further that this Court lacks jurisdiction over a bailment claim.

A bailment is the delivery of goods by their owner (the bailor) to another (the bailee) for a specific purpose and acceptance of those goods by the other, with the express or implied promise that the goods will be returned after the purpose of delivery has been fulfilled. *Axa Re Prop. & Cas. Ins. Co. v. Tailwalker Marine, Inc.*, 2004 WL 3680276, *3 (D. S.C. 2004). The Fifth Circuit has held that the law of bailment is applicable in suits for damages to a ship that has been left with another for the purpose of repairs. *See Buntin v. Fletchas*, 257 F.2d 512, 513 (5th Cir. 1958). Even if the contract in this case is considered a bailment contract, however, courts have exercised maritime

5

jurisdiction over bailment claims arising from underlying repair contracts.  *See Buntin*, 257 F.2d at 513; *Tailwalker*, 2004 WL at *3. *See also Commercial Union Ins. Co. v. Used Boat Haven*, 1996 WL 191960 (S.D.N.Y. 1996); *Medema v. Gombo's Marina Corp.*, 97 F.R.D. 14 (N.D. Il. 1982) (holding similarly that a contract that provides for storage of a vessel *as well as* repair or other services pertaining to the vessel is a proper basis for admiralty jurisdiction).  Thus, whether the contract in this case is considered a repair contract or a bailment contract, the Court finds that admiralty jurisdiction is proper.

**III. Claims Against Defendant Moore**

In addition to contesting this Court's subject matter jurisdiction, Defendants also argue briefly that if the Court finds that there is proper subject matter jurisdiction, it should dismiss the claims against Defendant Moore.  In support of this argument, Defendants contend that there are no pleadings which establish why Moore's employment makes him liable for the claims alleged.

No matter what facts are alleged regarding Moore's employment, the Complaint alleges that Moore himself entered into an agreement with Plaintiffs, that he then took control over the barges, and that he has now failed to return them.  These allegations are sufficient to state a claim against Moore.  Thus, dismissal is not proper at this time.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss is **DENIED**.

New Orleans, Louisiana this 14th day of May, 2008.

UNITED STATES DISTRICT JUDGE