UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


SPSL OPOBO LIBERIA,                           CIVIL ACTION
INC., ET AL

VERSUS                                        NO. 07-3355 c/w 09-5437

MARITIME WORLDWIDE                            SECTION "B"(3)
SERVICES, INC., ET AL

### ORDER AND REASONS

Considering the foregoing Motion to Dismiss SPSL OPOBO Liberia, Inc.'s Claims Against AAA Holdings and the Quarters Barge, or, in the Alternative to Exclude Henry MacPepple or Any Other Corporate Representative of SPSL OPOBO Liberia, Inc. From Testifying at Trial (Rec. Doc. No. 159),

**IT IS ORDERED** that dismissal is hereby **GRANTED.**

SPSL OPOBO Liberia, Inc. refused in June 2010 to produce Mr. MacPepple because it was allegedly "too burdensome." Thereafter, AAA Holdings filed a Motion to Compel SPSL OPOBO Liberia, Inc. to produce Mr. MacPepple for a deposition in New Orleans. Rec. Doc. No. 110. SPSL OPOBO Liberia, Inc. filed an opposition to that Motion to Compel, and suggested its willingness to make Mr.

MacPepple available for a telephone/video deposition. Rec. Doc. No. 114.

Oral argument on the Motion to Compel was held on July 21, 2010 before the Magistrate Judge. Thereafter, the Magistrate Judge ordered SPSL OPOBO Liberia, Inc. to make Henry MacPepple available for a telephone/video deposition no later than August 4, 2010. Rec. Doc. No. 128. AAA Holdings made the necessary arrangements for the deposition, and sent SPSL OPOBO Liberia, Inc. several correspondences requesting Mr. MacPepple's deposition availability. However, SPSL OPOBO did not respond to AAA Holdings' repeated inquiries. Rec. Doc. No. 159, Exhibit "2."

On August 3, 2010 - one day before the Magistrate Judge's deadline - SPSL OPOBO Liberia, Inc. sent a letter to Judge Knowles claiming that there were "health reasons" preventing Mr. MacPepple from participating in the telephone/video deposition. Rec. Doc. No. 159, Exhibit "3." That afternoon, Magistrate Knowles conducted a telephone conference, and the Court informed SPSL OPOBO Liberia, Inc. that it would not change the deadline for Mr. MacPepple's deposition.

Following that conference, SPSL OPOBO Liberia, Inc. attempted to justify its non-compliance with this Court's order by producing a one-page "medical report" allegedly signed by a doctor in Nigeria which referenced Mr. MacPepple's "health issues." Rec. Doc. No. 159, Exhibit "4." While it purports to be authorized by a "Dr.

2

Celestine E.," it does not provide a phone number whereby "Dr. Celestine E." can be reached. Id. The internet address it provides for the hospital is invalid. Rec. Doc. No. 159, Exhibit "5." The timing of this "report" is highly suspect, coming on the eve of the court ordered deadline. Further, the nature of the alleged illness does not appear to be so severe that Mr. MacPepple cannot even participate in a telephone/video deposition, especially where he was allegedly "discharged after remarkable clinical improvement" and the alleged "Dr. E." does not indicate an inability of MacPepple to effectively participate in the deposition, nor is there a request in the note seeking excusal from same.

All four guidelines under FRCP 37 favor dismissal: (1) SPSL OPOBO Liberia, Inc. ignored this Court's order compelling it to produce its corporate representative of a deposition; (2) SPSL OPOBO Liberia, Inc. and Mr. Henry MacPepple are aware that their conduct violates this Court's order; (3) SPSL OPOBO Liberia, Inc.'s continued non-compliance is severely prejudicial to all party movants here; and (4) no other sanction would adequately remedy the prejudice which moving parties suffered due to SPSL OPOBO Liberia, Inc.'s non-compliance. See also, *Bonaventure v. Butler*, 593 F.2d 625 (5th Cir. 1979); *Kabbe v. Rotan Mosle, Inc.,* 725 F.2d 1083 (5th Cir. 1985)(affirming the dismissal of the plaintiff's complaint where the plaintiff ignored the Court's order to attend a deposition by a court-made deadline); *McDonald v. Bellsouth*

*Telecommunications, Inc.*, 130 Fed. Appx. 685 (5th Cir. 2005) (affirming the dismissal of plaintiff's complaint for her non-compliance with the court's order); *Technical Chemical Co. v. IG-LO Products Corp.*, 812 F.2d 222 (5th Cir. 1987) (affirming the dismissal of the plaintiff's complaint for failure to appear for a court-ordered deposition).

SPSL OPOBO Liberia, Inc. had previously represented to the Court that Henry MacPepple was the <u>only</u> person qualified to testify on its behalf:

> Mr. Henry Adawari MacPepple, the chairman and chief executive officer of both plaintiffs, is the **only** representative who has sufficient knowledge surrounding the ownership of the vessels involved in this litigation and the dealings between the plaintiff corporations and the defendants.

Rec. Doc. No. 47, at 3. At no previous time did SPSL OPOBO Liberia, Inc. provide deposition dates for any other corporate representatives. The first record evidence that SPSL OPOBO Liberia, Inc. offered to provide deposition dates for other corporate representatives was in response to the instant motion. SPSL OPOBO Liberia, Inc. fails to cite any correspondence where such an offer was made prior to the instant responsive memorandum.

On May 14, 2009, SPSL OPOBO Liberia, Inc. filed a Motion for a Protective Order, wherein it sought to have the 30(b)(6) deposition of SPSL OPOBO Liberia, Inc. scheduled for a different date. Rec. Doc. No. 47. In that Protective Order, SPSL OPOBO Liberia, Inc. twice claimed that Henry MacPepple was the <u>only</u>

4

person qualified to testify as its corporate representative. Rec. Doc. No. 47, at 3-4. Moreover, plaintiffs cannot ignore court orders directing them to produce the corporate representative at issue, not others, by subsequent last ditch efforts that contradict their prior position. Plaintiffs' current argument is unconvincing in light of overwhelming, more credible evidence - plaintiffs' own protective order motion and at least two documented rulings by the Magistrate Judge directing the subject deposition of plaintiffs' corporate representative with the "only sufficient knowledge surrounding the ownership of the vessels involved in this litigation and the dealings between the plaintiff corporations and the defendants."

An alleged doctor note, dated September 2, 2010, from "Dr. Celestine E.," fails to list any contact information for "Dr. Celestine E.," and the internet address for the hospital in said note remains inaccurate. SPSL OPOBO Liberia, Inc. cannot disregard this Court's order by producing a highly questionable note that cannot be independently verified as to source, author, and contents. That note is not credible evidence of the witness's unavailability for a court-ordered deposition by phone.

The Magistrate Judge has already rejected plaintiffs' argument as to non-prejudice to defendants when twice plaintiffs failed to facially show cause for its contradictory positions relative to this corporate representative's knowledge or its continuous failure

5

to comply with two orders to submit that representative to deposition by telephone – an accommodation it previously sought. The corporate entity is held accountable for such contempt by its admittedly only knowledgeable corporate representative for this case. Lesser sanctions would unduly prejudice parties' preparations and presentation of evidence at any trial.

Accordingly, defendants' motion to dismiss is hereby **GRANTED.**


New Orleans, Louisiana, this 14th day of September, 2010.

_____
United States District Judge