UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

SPSL OPOBO LIBERIA,                         CIVIL ACTION
INC., ET AL

VERSUS                                      NO: 07-3355 c/w
                                            No: 09-5437

MARITIME WORLDWIDE                          SECTION: B(3)
SERVICES, INC., ET AL

                          **ORDER AND REASONS**

    SPSL OPOBO Liberia, Inc.'s Motion for Reconsideration, Motion to Stay, and Motion to Set the Amount of the Supersedeas Bond are hereby **DENIED.**  The alternative Motion for Entry of Final Judgment is **GRANTED.** (Rec. Doc. No. 189).

    A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction.  Recycled arguments previously rejected by the court serve only to waste judicial resources.  *See, e.g., Collins v. Encompass Ins. Co.,* 2010 WL 1294056 (E.D.La. March 26, 2010) and *Southern Constructors Group, Inc. v. Dynalectric Co.,* 2 F.3d 606 (5th Cir. 1993) (altering, amending, or reconsidering a judgment is an extraordinary measure which courts should use sparingly).

    SPSL OPOBO Liberia, Inc. has not claimed that the dismissal of its claims was a "clear error of law," that "newly discovered evidence" requires reversal, or that there has been "an intervening change of law."  Quotes from Rule 59(e).  SPSL OPOBO Liberia, Inc. asserts that dismissal of its claims with prejudice would result in

"manifest injustice" because dismissal is the "most draconian of sanctions available."

The "sanction" sought by SPSL OPOBO Liberia, Inc. for its refusal to comply with this Court's order - the entry of a stay order - is not a sanction. In fact, the entry of such a stay would reward SPSL OPOBO Liberia, Inc. and Henry MacPepple for intentionally disregarding the Court's prior orders while infairly penalizing other parties. One defendant has been party to this litigation for over one year, and the litigation has been pending before this Court in excess of three years. The entry of a stay would prolong this matter <u>again, thus</u> denying others the use of this property for another extended period of time. SPSL OPOBO Liberia, Inc. continues to intentionally disregard the Magistrate Judge's orders regarding the deposition of its corporate representative. Lesser sanctions having been considered and rejected as ineffective and not appropriate for repeated gross disregard of court orders, movant's conduct justifies dismissal.

Rule 62(d) governs SPSL OPOBO Liberia, Inc.'s request for a stay on the execution on the judgment:

> **(d) Stay with Bond on Appeal.** If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

A party cannot automatically obtain a stay of a non-monetary

judgment by merely posting a supersedeas bond:

> In cases that do not involve a money judgment **a stay will not automatically issue upon the posting of a supersedeas bond.** In cases involving nonmoney judgments, the Court may look beyond the posted security to the four-factor test utilized by courts to determine whether a discretionary stay should issue.

*Borgships. Inc. v. M/V MACARENA*, 1993 WL 432378, at *1 (E.D.La. Oct. 20, 1993). The United States Supreme Court has directed the courts to determine the appropriateness of a stay by considering four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

All of the factors weigh against granting a stay. Moreover, as previously noted in letters to the Court, there have been several requests to charter the barge for use in the massive oil clean-up operations now occurring on the Louisiana coast, arising from the "DEEPWATER HORIZON" event. SPSL OPOBO Liberia, Inc. has refused to entertain such offers, and will continue to prevent any such charter from occurring if it is allowed to obtain a stay. Proceeds from chartering the barge are subject to being accounted for and recouped in the unlikely event of movant prevailing here. SPSL OPOBO Liberia, Inc.'s request for a stay is therefore denied.

Accordingly, SPSL OPOBO Liberia, Inc.'s Motion for

Reconsideration, Motion to Stay, and Motion to Set the Amount of the Supersedeas Bond are hereby **DENIED.** The alternative Motion for Entry of Final Judgment is **GRANTED.** (Rec. Doc. No. 189).

New Orleans, Louisiana this 28th day of September, 2010.

_____
United States District Judge